IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD WINN, <br>     Plaintiff, | : <br> : <br> : |
| v. | :    CIVIL ACTION NO. 19-CV-3090 |
| | : |
| TAMMY FERGUSON, *et al.*, <br>     Defendants. | : <br> : |

FILED
JUL 24 2019
KATE BARKMAN, Clerk
By_____Dep. Clerk

**MEMORANDUM**

PADOVA, J.                                                                                                  JULY 24, 2019

        Plaintiff Ronald Winn, a prisoner currently incarcerated at SCI Phoenix, filed this civil action pursuant to 42 U.S.C. § 1983 based on allegations involving the transfer of prisoners from SCI Graterford to SCI Phoenix. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Winn leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to state a claim.

**I.    FACTS**[1]

        Winn was previously incarcerated at SCI Graterford. As that prison was closing, inmates and their property were relocated to SCI Phoenix. Winn alleges members of a Corrections Emergency Response Team ("CERT") took custody of prisoners' property in connection with the move. Winn alleges generally that prisoners' property was destroyed, lost, or left in disarray. He also makes allegations that there were personal disputes among permanent staff at SCI Graterford/Phoenix and members of CERT. He claims that certain CERT members engaged in a systematic conspiracy designed to harm and frustrate the prisoners by damaging and destroying

---

[1] The allegations are taken from Winn's Complaint. (*See* ECF No. 1.)

1

their personal property during the move to SCI Phoenix. (ECF No. 1 at 10.) This included religious items, legal material, family photos and personal care products. (*Id.*)

Notably, Winn's allegations are all stated generally, discussing the experiences of "prisoners" in conclusory terms, rather than alleging how he himself was injured by the actions he describes. (*See e.g., id.* at 12-13 ("These Defendant committed criminal acts, human rights violations, and harmed not only the prisoners, but the prisoners family as well whom sent the pictures, monies, and gifts up to the prison system, or the family who was hopeful of their loved ones chances of freedom.").) He also describes the actions of the named supervisory Defendants in general terms. For example, he asserts that Defendants Wetzel, Ferguson and Sipple, each of whom are supervisory officials at SCI Graterford/Phoenix, "are indirectly responsible [for the actions of the John Doe CERT Defendants] as they hired and overseen these Defendants, and thus, they knew and should have know about the crimes this group of officers were doing since hundreds of prisoners were complaining and hundreds of staff members witnessed and had to address this matter to these Defendants." (*Id* at 9; *see also id* at 13-15.) Finally, he signs his Complaint on behalf of "The Men of SCI-Graterford/Phoenix." (*Id.* at 18.)

## II. STANDARD OF REVIEW

The Court grants Winn leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

---

[2] However, as Winn is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

*see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Winn is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). While Winn asserts constitutional claims under the First, Fifth, Eighth and Fourteenth Amendments based on the loss of property, negligent or intentional deprivations of property by a state employee do not give rise to the level of constitutional claims if the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Winn cannot state a due process claim under the Fifth and Fourteenth Amendments because the prison grievance system and Pennsylvania law provide him with an adequate state remedy for the deprivation of his property. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson*, 468 U.S. at 533); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property); *Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir.

3

2000) (holding that prison grievance system provides adequate post-deprivation remedy). Winn has not stated a plausible Fourteenth Amendment equal protection claim because, although he alleges the "root cause" of Defendants' actions "is inherently racism," (*see* ECF No. 1 at 12), he has not alleged he personally suffered race-based animus or was treated differently from other prisoners due to race- or religion-based animus. *Faruq v. McCollum*, 545 F. App'x 84, 87 (3d Cir. 2013) ("To state a claim for race- or religion-based discrimination, [plaintiff] needed to show specifically that he received different treatment from that received by other similarly situated inmates." (citing *Williams v. Morton*, 343 F.3d 212, 221 (3d Cir. 2003)). Again, he only generally alleges that "prisoners have a legal protection right, a right not to be retaliated against nor discriminated against." (ECF No. 1 at 12.)

Winn has not stated a plausible First Amendment claim since he does not claim that any of his own religious items were lost, so as to support a freedom of religion claim, and, while he asserts that "prisoner" legal papers were lost or purposely destroyed, he does not allege that he personally lost any opportunity to pursue a nonfrivolous or arguable underlying claim, making implausible any First Amendment claim based on denial of access to the courts. *See Monroe v. Beard*, 536 F.3d 198, 205-06 (3d Cir. 2008) (per curiam) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)) (holding that where a plaintiff alleges that the defendants' actions have cost him the opportunity to pursue a past legal claim, he "must show (1) that [he] suffered an 'actual injury' — that [he] lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim" and (2) that he has no remedy "other than in the present denial of access suit," and "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'").

4

Winn has also failed to state a plausible claim against the supervisor Defendants. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* Because he fails to allege any violation of his own rights by a named or John Doe Defendant, Winn's supervisor liability claims against Defendants Wetzel, Ferguson and Sipple cannot proceed.

Finally, Winn brings his claims against all Defendants in their official and individual capacities. The official capacity claims are also implausible because the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal

5

court, *see* 42 Pa. Cons. Stat. § 8521-22, it and its departments, as well as its officials sued in their official capacities, are immune from suits filed in federal court.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Winn's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal will be without prejudice and Winn will be given leave to amend because the Court cannot say at this time that any amendment would be futile. If he chooses to file an amended complaint, Winn is advised to only include allegations describing how he himself was injured by the actions of the Defendants he chooses to name therein. An appropriate Order follows.

BY THE COURT:

_____
JOHN R. PADOVA, J.