# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD WINN,** : | |
| **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 19-CV-3090** |
| : | |
| **TAMMY FERGUSON, *et al.*,** : | |
| **Defendants.** : | **FILED** |

**JUL 2 4 2019**

## ORDER

KATE BARKMAN, Clerk
By_____ Dep. Clerk

AND NOW, this 24 day of July, 2019, upon consideration of Plaintiff Ronald Winn's Motion to Proceed *In Forma Pauperis* (ECF No. 4), his Prisoner Trust Fund Account Statement (ECF No. 5), and his *pro se* Complaint (ECF No. 1), which raises claims under 42 U.S.C. § 1983, it is **ORDERED** that:

1. The Court's Order entered July 18, 2019 (ECF No. 3) is **VACATED**.

2. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

3. Ronald Winn, #DU1815, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court hereby directs the Warden of SCI Phoenix or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Winn's inmate account; or (b) the average monthly balance in Winn's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Winn's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to

Winn's inmate account until the fees are paid. Each payment shall reference the docket number for this case.

4. The Clerk of Court is directed to **SEND** a copy of this order to the Warden of SCI Phoenix.

5. The Complaint is **DEEMED** filed.

6. The Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

7. Winn is given thirty (30) days to file an amended complaint. Any amended complaint must be a complete document and not incorporate the original complaint by reference. Winn must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, and shall state the basis for Winn's claims against each defendant. Winn should provide enough information for the Court to understand what happened to him and how each named Defendant personally acted to cause injury to himself. When drafting his amended complaint, Winn should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum and not include general allegations, conclusory allegations, or allegations about what may have happened to others. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8. The Clerk of Court shall send Winn a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Winn may use this form to file his amended complaint if he chooses to do so.

9. If Winn fails to file an amended complaint in accordance with paragraph five (7) of this Order, his case may be dismissed without prejudice for failure to prosecute without further notice.

BY THE COURT:

_____
JOHN R. PADOVA, J.