IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RONALD WINN, :
    Plaintiff, :
:
v. : CIVIL ACTION NO. 19-CV-3090
:
TAMMY FERGUSON, *et al.*, :
    Defendants. :

FILED
AUG 27 2019
KATE BARKMAN, Clerk
By_____ Dep. Cler

## MEMORANDUM

PADOVA, J.                                                                                       AUGUST   , 2019

Plaintiff Ronald Winn, a prisoner currently incarcerated at SCI Phoenix, filed this civil action pursuant to 42 U.S.C. § 1983 based on allegations involving the transfer of prisoners from SCI Graterford to SCI Phoenix. In a prior Memorandum, the Court granted his request to proceed *in forma pauperis* and dismissed his Complaint without prejudice for failure to state a claim. (ECF Nos. 6, 7.) Winn was granted leave to file an Amended Complaint ("AC") to attempt to cure the defects identified in his original Complaint. The Court received Winn' AC on August 22, 2019. (ECF No. 9.) Because he has failed to cure the defects, the AC will also be dismissed.

## I.    FACTS[1]

As fully set forth in the Court's earlier Memorandum, Winn was previously incarcerated at SCI Graterford. As that prison was closing, inmates and their property were relocated to SCI Phoenix. Winn alleges members of a Corrections Emergency Response Team ("CERT") took custody of prisoners' property in connection with the move. Winn alleges that his property was destroyed, lost, or left in disarray by CERT members. (ECF No. 9 at 2-3.) He alleges that

---

[1] The allegations are taken from Winn's AC.

1

Defendants Wetzel, Ferguson and Sipple are "indirectly responsible as they hired and over-seen these Defendants 'C.E.R.T.' and thus know about the crimes this group of officers were doing." (*Id.* at 3.) Winn claims that there was a systematic conspiracy designed to harm and frustrate him by "causing an atypical hardship" on his liberty, life, property and freedom through the destruction of his religious articles, legal material, journal, school documents, and years of research. (*Id.*) He asserts claims that his rights under the First, Fifth, Eighth and Fourteenth Amendments were violated. (*Id.* at 1.)

## II. STANDARD OF REVIEW

The Court previously granted Winn leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the AC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Winn is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Winn's original constitutional claims based on the loss of his property were found to be defective and subject to dismissal because the negligent or intentional deprivations of property by a state

2

employee do not give rise to constitutional claims if the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Winn appears to reallege the same facts to again attempt to state constitutional claims pursuant to § 1983 against the Defendants. Specifically, he asserts that the taking of his religious items, legal material, and personal items "is definitely a Fifth, Eighth and Fourteenth Amendment violation." (ECF No. 9 at 3.)

A.     **First/Fourteenth Amendment Access to the Courts Claim**

Winn appears to again be pursuing a claim under the First and Fourteenth Amendments that he was denied access to the courts because his legal papers and research were allegedly destroyed by CERT members in the move to SCI Phoenix. He alleges that they "purposely intended to hinder Plaintiff from seeking Plaintiff's freedom, they conspired to frustrate the courts, the appeal system and the chance that Plaintiff have a shot to go home." (ECF No. 9 at 5.) He also alleges that the CERT Defendants ruined "any future hope of relief which is tantamount to due process violation, equal protection violation, a liberty interest violation, governmental interference and depriving Plaintiff the right to petition courts if necessary." (*Id.*)

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Christopher*, 536 U.S. at 415.

3

Winn has not stated a plausible claim for denial of access to the courts. Winn asserts in the AC that due to the destruction of his property he was hindered "from **possibly** gaining appeal rights [because] new evidence, affidavits, petitions, briefs, case law that took years of research [] as well as formulating evidence intended for the Integrity Unit in Philadelphia is definitely a First Amendment [] violation." (ECF No. 9 at 4 (emphasis added).) This allegation is insufficient to state an access to the courts claim since Winn's allegation of "possibly" gaining appeal rights constitutes mere speculation. He has failed to allege that he lost an **actual** opportunity to pursue a nonfrivolous or arguable underlying claim. As the Court previously identified this defect and Winn has failed to cure it through plausible allegations, the access to courts claim will be dismissed with prejudice.[2]

### B. First Amendment Free Exercise Claim

Winn asserts a Free Exercise claim based upon the CERT Defendants' alleged destruction of his Kufis, religious books, paper work, and prayer rugs. The threshold question in any First Amendment case is whether the prison's conduct "has substantially burdened the

---

[2] Furthermore, Winn's allegation that he was collecting evidence to provide to the "the Integrity Unit in Philadelphia," which the Court interprets to mean the Philadelphia District Attorney's Conviction Review Unit, also does not assert a plausible First Amendment claim. While the constitutional right of access to the courts is an aspect of the First Amendment right to petition the government for redress of grievances, *see Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983), there appears to be no specific constitutional right to seek discretionary prosecutorial reexamination of charging decisions. *See Wayte v. United States*, 470 U.S. 598, 607 (1985) (holding that prosecutors are granted broad discretion in charging decisions so long as the decision is not based on an unjustifiable standard such as race, religion, or other arbitrary classification); *Minnesota State Bd. for Community Colleges v. Knight*, 465 U.S. 271, 285 (1984) ("Nothing in the First Amendment or in . . . case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals communications."). Therefore, this portion of Winn's First Amendment claim will also be dismissed with prejudice.

4

practice of the inmate-plaintiff's religion." *Robinson v. Superintendent Houtzdale SCI*, 693 F. App'x 111, 115 (3d Cir. 2017) (per curiam). Winn has not alleged any facts explaining how the loss of this property prevented him from practicing his religion. To the contrary, he has not alleged at all that he has been prevented from exercising his religion. Accordingly, the Complaint does not state a plausible First Amendment free exercise claim. *See Peele v. Klemm*, 663 F. App'x 127, 130 (3d Cir. 2016) (per curiam) (upholding dismissal of First Amendment claim where "Peele failed to provide any factual support for his First Amendment claims beyond general conclusory allegations that [a prison policy] was inimical to his and possibly other inmates First Amendment rights"); *O'Banion v. Anderson*, 50 F. App'x 775, 776 (7th Cir. 2002) ("O'Banion has no First Amendment freedom-of-religion claim because he does not suggest that the confiscation of his property restricted the exercise of his religious beliefs. He cannot resurrect his property claim simply by characterizing the feathers and furs as 'religious property' without alleging that his religious observance was unreasonably restricted"); *Grohs v. Santiago*, Civ. A. No. 13-3877, 2014 WL 4657116, at *10 (D.N.J. Sept. 17, 2014) (dismissing free exercise claim where plaintiff "never identified his faith nor has he identified the sincerely held religious beliefs that required him to retain [certain religious] materials"). As this claim was not specifically raised in Winn's original Complaint, and the Court did not have a prior opportunity to explain to Winn the contours of a successful free exercise claim, it may be possible that Winn can further amend his pleading to allege a plausible claim. Accordingly, this claim will be dismissed without prejudice and Winn will be granted leave to file a second amended complaint.

## C. Due Process Claim

Winn next asserts a Fifth/Fourteenth Amendment due process violation because his property was destroyed "without a fair tribunal without giving out confiscation slips." (ECF No. 9 at 5.) He also asserts that he had no "right to appeal any items Plaintiff may feel he's allowed to have." (*Id.*) This claim was included in the original Complaint and dismissed as implausible because the prison grievance system and Pennsylvania law provide Winn with an adequate state remedy for the deprivation of his property. (ECF No. 6 at 3-4 (citing *Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson*, 468 U.S. at 533); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property); *Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000) (holding that prison grievance system provides adequate post-deprivation remedy)). Because post-deprivation remedies remain available to him, Winn again fails to state a plausible Fourteenth Amendment claim. Having been afforded an opportunity to amend the claim to attempt to cure the defects identified by the Court, Winn's Fourteenth Amendment due process claim will be dismissed with prejudice since further attempt at amendment would be futile.

## D. Equal Protection Claim

Winn again alleges that the "root cause" of the CERT Defendants' actions was "inherently racism and religious discrimination." (ECF No. 9 at 5.) As justification for his claim

he alleges only that Defendants are "majority while males, ex-military personnel." (*Id.*) In dismissing the equal protection claim in Winn's original Complaint, the Court held that he

> has not stated a plausible Fourteenth Amendment equal protection claim because, although he alleges the "root cause" of Defendants' actions "is inherently racism," [] he has not alleged he personally suffered race-based animus or was treated differently from other prisoners due to race- or religion-based animus. *Faruq v. McCollum*, 545 F. App'x 84, 87 (3d Cir. 2013) ("To state a claim for race- or religion-based discrimination, [plaintiff] needed to show specifically that he received different treatment from that received by other similarly situated inmates." (citing *Williams v. Morton*, 343 F.3d 212, 221 (3d Cir. 2003)).

(ECF No. 6 at 4.) Winn has failed to cure the defect previously identified in his equal protection claim since he again fails to allege that he was treated any differently from other prisoners at SCI Graterford/Phoenix and alleges race-based animus only in conclusory terms. Having been afforded an opportunity to amend the claim to attempt to cure the defects identified by the Court, Winn's Fourteenth Amendment equal protection claim will be dismissed with prejudice since further attempt at amendment would be futile.

### E.     Eighth Amendment Claim

Winn also asserts that the destruction of his property constitutes a violation of the Eighth Amendment. To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010) (stating that the Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials provide "humane conditions of confinement."). Such necessities include food, clothing, shelter, medical care and reasonable safety. *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000). A prisoner must also establish that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). While Winn asserts that the CERT Defendants

7

acted with deliberate indifference to his rights, destruction of a prisoner's personal property — while clearly wrong and, if proven, deserving of disciplinary action through the prison's employee disciplinary process — cannot be the basis of a plausible violation of the Eighth Amendment. *See Young v. Edward*, Civ. A. No. 17-1736, 2018 WL 4616245, at *3 (M.D. Pa. Sept. 26, 2018) ("The alleged destruction of personal property does not constitute a deprivation of the sort within the protection of the Eighth Amendment."); *Payne v. Duncan*, Civ. A. No. 15-1010, 2017 WL 542032, at *9 (M.D. Pa. Feb. 9, 2017) ("Plaintiff's claim for destruction of property under the Eighth Amendment does not constitute a deprivation of life's necessities."), *aff'd*, 692 F. App'x 680 (3d Cir. 2017); *Dean v. Folino*, Civ. A. No. 11-525, 2011 WL 4527352, at *3 (W.D. Pa. Aug. 22, 2011) (allegations regarding destruction of property did not state Eighth Amendment claim), *report and recommendation adopted*, No. CIV.A. 11-525, 2011 WL 4502869 (W.D. Pa. Sept. 28, 2011). The alleged act of destroying his property also did not deny Winn the minimal civilized necessities of life. Accordingly, this claim will also be dismissed without leave to amend.

## F. Supervisory Liability Claims

In the Court's earlier Memorandum, Winn's claims against Defendants Wetzel, Ferguson and Sipple were dismissed because he failed to allege that they, acting with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused Winn constitutional harm, or that they participated in violating Winn's rights or directed others to do so. (ECF No. 6 at 4 (citing *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) (*reversed on other grounds sub nom Taylor v. Barkes*, 135 S. Ct. 2042 (2015)).) In the AC, Winn alleges that Defendant Wetzel "could have stopped" the CERT Defendants, "is responsible," "approved and directed" the "covert operation," and had a "duty to

8

investigate report and reprimand all those whom is found liable." (ECF No. 9 at 6-7.) Defendant Ferguson allegedly "turn[ed] a blind-eye and allow[ed] injustice to take place." (*Id.* at 7.) Defendant Sipple allegedly "committed the same neglect, deliberate indifference, supervisory liability and conspiracy," and failed to visit with Winn about the incident. (*Id.* at 7-8.)

Winn's conclusory allegations again fail to state a plausible claim for supervisory liability. Winn has not alleged that these Defendants directly participated in the destruction of his property, and has not he alleged any specifics regarding a policy, practice or custom. Alleging only that a defendant is "responsible," "approved of" or "directed" the actions of subordinates fails to state a claim. *See e.g., Shaw v. Nutter*, Civ. A. No. 15-1209, 2017 WL 895584, at *5 (E.D. Pa. Mar. 6, 2017) (dismissing amended complaint that merely recited the defendants' job titles and that they either are responsible for managing or overseeing operations at prison or promulgated policies because "these conclusory allegations are insufficient to allege that Defendants were deliberately indifferent to the harm caused by a policy, practice, or custom") (citing *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001); *Massi v. City of Philadelphia*, Civ. A. No. 12-1309, 2013 WL 1194643, at *7 (E.D. Pa. Mar. 25, 2013) (holding that conclusory assertions that defendants were "on notice" and "turned a blind eye" to allegedly unconstitutional behavior of subordinates failed to plead any specific facts because "turning a blind eye" is a figure of speech rather than a description of actual action); *Ashford v. Nowack*, Civ. A. No. 06-2026, 2006 WL 2040261, at *4 (D.N.J. July 20, 2006) (dismissing claim where plaintiff alleged "nothing more than a conclusory and bald assertion that [defendant] 'is responsible for the actions of his police officers'"); *Milhouse v. Heath*, Civ. A. No. 15-1400, 2015 WL 6735766, at *5 (M.D. Pa. Nov. 4, 2015) (dismissing claim based on "conclusory accusations that these Defendants are 'equally responsible as all other Defendants' in violating

9

[plaintiff's] constitutional rights [because t]his cursory style of pleading is plainly inadequate to state a claim against a prison supervisor"). Having already been afforded an opportunity to amend his supervisory liability claims to attempt to cure the defects identified by the Court, Winn's supervisory liability claims against Wetzel, Ferguson and Sipple will be dismissed with prejudice except to the extent that Winn is able to base his claim on the religious exercise claim that he is also permitted to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the AC for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal will be with prejudice as to all claims except for Winn's First Amendment free exercise claim based upon the CERT Defendants' alleged destruction of his religious articles and supervisory liability associated therewith. Winn will be granted leave to file a second amended complaint. If he chooses to file a second amended complaint, Winn shall not reallege any claim already dismissed with prejudice. An appropriate Order follows.

BY THE COURT:

JOHN R. PADOVA, J.